THE CITY OF SHREVEPORT v. DAVID LE ROSEN.

18 577
113 454

Parol evidence cannot be admitted to change the terms of a written contract, or to enlarge or restrict its meaning.

APPEAL from the District Court, Parish of Caddo, *Weems*, J.

The facts are stated in the opinion of the Court.

LABAUVE, J. The plaintiff alleges that the defendant was erecting a house in ten-acre lot No. 4, in the said city, the greater part of which house was in the public road known as the Texas Road, thereby obstructing said road. That said road was necessary for the public use, and was dedicated to the public use, and has been used as a public road ever since said city was incorporated, on the 20th March, 1839.

The plaintiff prays that the defendant be enjoined from erecting said house, and ordered to remove the same out of said road.

The defendant answered by a general denial, and pleaded that he was the owner and possessor of the lots in question, without any servitude. He prays for judgment dissolving the injunction and allowing him two hundred and fifty dollars damages as attorney's fees, and five hundred dollars, damages for hinderance in building his house, and for the removal of the same and the losses resulting therefrom; and if he be compelled to submit to a right of way, that he be paid five hundred dollars, to be assessed as the law requires, and for costs. This answer was filed on the 21st April, 1866.

The plaintiff, by an amended petition, pleaded prescription, acquerandi causà, of ten, twenty and thirty years.

The Court below, after having heard the testimony, gave judgment for plaintiff against the defendant; the latter appealed.

Before the filing of his answer, the defendant had sold, by public act, passed on the 16th of April, 1866, to the plaintiff, the ground claimed for the road in question. This act contains a plain sale of the ground, for two hundred dollars. It makes no reference to this suit, neither to any damages sustained by defendant in consequence of the injunction, nor does it contain any stipulation relating to a compromise between the parties in regard to the damages claimed by the defendant.

On the trial of the case below, the plaintiff offered to prove by parol evidence the animus of the parties to the above act of sale. The defendant objected to the testimony; but the Court overruled the objections and admitted the testimony, and the defendant took his bill of exceptions. We are of opinion that the Court erred. This act is a plain sale, and parol evidence cannot be received to show that it is anything else, nor that the parties intended it also as a compromise and settlement of all difficulties between them. C. C. Art. 2256.

The plaintiff, in order to avoid damages, introduced below evidence to show that the road had been acquired on the lots in question, by prescription and dedication; but we are of opinion that, having bought privily and simply from the defendant, the said lots to be used as a public road, the plaintiff admitted that the road was not acquired, and that the defendant was still the owner of the ground on which the said road passed. It might have been otherwise, if this sale had been made as a compromise or transaction of the suit. It follows that the plaintiff had no right to enjoin the defendant, who was erecting a house on his own property. But we are of opinion that, having taken his house down voluntarily, before the result of the suit, the defendant cannot claim damages on that ground, but, we believe, is entitled to damages for the improper issuing of the injunction, and that one hundred dollars should be allowed to him.

We are also of opinion that the Court erred in perpetuating the injunction at the cost of the defendant; upon the contrary, it should have been dissolved,

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled and reversed. It is further ordered and decreed, that the injunction be dissolved and the suit dismissed, and that the plaintiff pay to the defendant one hundred dollars damages, with five per cent. interest per annum, from the date of this judgment, and that plaintiff pay costs of suit in both Courts.